December 15, 2025

**<u>VIA CM/ECF</u>**
Honorable Jennifer L. Rochon
United States District Judge
500 Pearl Street, Room 1920
New York, NY 10007

***Re:*** ***I.J. v. Heap Inc.*****, No. 1:25-cv-07583-JLR**

Dear Judge Rochon:

Pursuant to the Court's December 15, 2025 Order (Dkt. 28), Plaintiff submits this letter in opposition to the motion to stay discovery filed by Defendant Heap Inc. ("Heap" or "Defendant").

This case arises out of Defendant's alleged wiretapping of Plaintiff and class members in connection with their use of educational technology products offered by PowerSchool Holdings LLC. *See, generally,* Dkt. 1. Plaintiff alleges that Defendant intercepted sensitive and confidential education and school student records that were protected by federal and state laws, namely: (a) the Federal Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g; and (b) the Illinois School Student Records Act, 105 Ill. Comp. Stat. 10/1, *et seq. See, e.g.,* Dkt. 1 ¶¶ 3, 6-7,18-30, 39, 48, 84, 112, 129, 139, 161. Defendant was not a party to the communications. *See id.* ¶ 72.

Prior to this case being filed, Defendant had been a named-defendant in *Q.J. v. PowerSchool Holdings LLC*, No. 1:23-cv-05689 (N.D. Ill.) ("*Q.J.*"), until its dismissal on personal jurisdiction grounds. *See Q.J. v. PowerSchool Holdings LLC*, 2025 WL 2410472, at *2-5 (N.D. Ill. Aug. 20, 2025). Before Defendant's dismissal, the parties in *Q.J.* had engaged in written and oral jurisdictional discovery and written merits discovery. Indeed, Defendant was due to make a document production and serve amended discovery responses on the date of the dismissal. *See* Ex. 1 (email correspondence). Because of the dismissal, Defendant did not provide those materials.

Beyond dismissing Defendant on jurisdictional grounds, the Court in *Q.J.* ruled on the other defendants' Rule 12(b)(6) motions. *See Q.J.*, 2025 WL 241072 at *5-11. There, the court rejected the defendants' argument that Heap was a party to the communications at issue, finding that the plaintiff alleged that Heap was capable of using the intercepted communications for its own purposes. *Id.* at *8. Plaintiff makes similar allegations here. *See* Dkt. 1 ¶¶ 72-73. Moreover, even if Heap was a party to the communications, as the court found in *Q.J.*, Plaintiff has adequately alleged that the communications were intercepted for a criminal or tortious purpose. *Q.J.*, 2025 WL 241072 at *6.

Further, the court in *Q.J.* rejected the defendants' argument that certain statutory claims should be dismissed on extraterritoriality grounds (including those brought under the California Invasion of Privacy Act ("CIPA")). *See Q.J.*, 2025 WL 241072, at *9. According to the court, it was "at least plausible that these statutes apply extraterritorially to Plaintiff and other class members; in-depth consideration of the issue is better left for the later stages of the case." *Id.*

Here, the Court should deny Defendant's motion to stay discovery because Defendant has not shown good cause for the stay. The filing of a motion to dismiss does not automatically result in a stay of discovery. *See RBG Mgmt. Corp. v. Village Super Market, Inc.*, 2023 WL 1996920, at *2 (S.D.N.Y. Jan. 24. 2023). Rather, a court may stay discovery during the pendency of a motion to dismiss upon a showing of good cause. *See id.* In determining whether to stay discovery, a court should consider, *inter alia*: (a) the breadth of discovery sought; (b) the burden of responding to the discovery at issue; (c) the prejudice that would result to the party opposed to the stay; and (d) the strength of the pending motion underlying the request for the stay. *Id.* Regarding (d), courts look to whether the party moving for the stay has substantial arguments supporting dismissal or whether the plaintiff's claims are unmeritorious. *Id.* Where there are strong arguments on both sides, a defendant does not meet this threshold. *See id.* at *3.

With respect to the breadth and burden of discovery, Defendant makes vague and conclusory assertions that are insufficient to show good cause. *See* Dkt. 23 at 24-25; *RBG Mgmt. Corp*, 2023 WL 1996920, at *2. Specifically, Defendant's assertions here "do not move beyond generally describing the costs of participating in standard civil discovery for a case like this." *Id.*

Notably, here, the costs of participating in standard civil discovery are less than in a typical case. As discussed above, Defendant already has incurred the costs of: (a) responding to discovery in *Q.J.*; and (b) searching for and collecting, at least, some of the documents relevant to the issues in the case. *See* Ex. 1. As to that discovery, producing the documents and serving the responses (updated to address any Plaintiff-specific requests) would pose no additional burden on Defendant.

Moreover, any burden that may be associated with discovery in this case will exist regardless of the outcome of Defendant's motion to dismiss. The *Q.J.* matter is still pending, and a subpoena for Defendant's documents and deposition has been served on Defendant.[1] Because some discovery on Defendant is inevitable, there is no prejudice to Defendant with proceeding with discovery here. *See Morales v. Next Stop 2006, Inc.*, 2022 WL 15523370, at *1 (citing cases).

Defendant has also failed to demonstrate a lack of prejudice to Plaintiff. *See RGB Mgmt. Corp.*, 2023 WL 1996920, at *2. Defendant merely states that Plaintiff will not suffer any unfair prejudice because "discovery is already proceeding in the related *Q.J. Action* . . . ." Dkt. 23 at 25.

[1] Defendant objected to the subpoena, and the parties have begun meeting and conferring thereon.

However, Defendant does not explain how discovery in a separate action negates any prejudice in this action. Indeed, in the parties' Joint Letter to the Court in connection with the Initial Pretrial Conference, Defendant seeks to preclude or hinder the use of discovery in *Q.J.* in this case: "it is Defendant's position that the discovery in [*Q.J.*] should not be automatically admitted and/or used in this matter." Dkt. 25 at 3. Moreover, as noted in footnote 1, above, Defendant has also objected to the subpoena served by the plaintiff in *Q.J.* Thus, what Defendant truly seeks is to stay discovery here and then avoid being subject to discovery in *Q.J.*, an extremely prejudicial outcome.

For the avoidance of doubt, a discovery stay will prejudice Plaintiff. As alleged in the Complaint, Heap was acquired by Content Square Inc. in 2023. Dkt. 1 ¶ 11. Based on Plaintiff's counsel's discussions with Defendant's counsel, this acquisition has resulted in a number of people leaving Heap. Thus, a discovery stay will result in witnesses becoming more difficult to locate and the inevitability of fading memories, especially given that the former employees will not be working with Heap's product on a day-to-day basis and will have no reason to retain in their memories information related to this case, specifically, or Heap, generally. *See RGB Mgmt. Corp.*, 2023 WL 1996920, at *2 (denying stay because of potential for memories to fade).

Finally, Defendant has failed to show that there are substantial arguments for dismissal or to make a strong showing that Plaintiff's claims are unmeritorious. As discussed above, the court in *Q.J.* rejected many of the dismissal arguments Defendant makes here. While that ruling is not binding on this Court, at minimum, it demonstrates that Plaintiff's claims have merit and that Defendant does not have substantial arguments for dismissal.

Defendant's arguments that were not addressed in *Q.J.* are similarly unavailing. For instance, as to standing, courts in this District have found that disclosure of a plaintiff's personal information via technology similar to that here describes a traditionally recognized harm sufficient to confer Article III standing. *See McCausland v. Gray Media Grp., Inc.*, 2024 WL 1374765, at *5 (S.D.N.Y. Mar. 31, 2024) (citing cases). Notably, Defendant's technology is particularly invasive and the information at issue was uniquely sensitive. *See* Dkt. 1 ¶¶ 18-30, 63

Regarding the statute of limitations, Defendant's argument ignores that Plaintiff filed this case as a minor and, as such, any statute of limitations was tolled. *See* 735 Ill. Comp. Stat. 5/13-211; Cal. Code Civ. P. 352(a). Moreover, because Plaintiff did not bring this action after class certification was denied in another case, the pendency of *Q.J.* tolled the limitations period. *See Catholic Social Svcs., Inc. v. I.N.S.*, 232 F.3d 1139, 1147-49 (9th Cir. 2000) (cited by Defendant).

Regarding whether communications were intercepted while in transit, allegations of simultaneous transmission of communications are sufficient to state a wiretapping claim. *See In re Meta Pixel Healthcare Litig.*, 647 F.Supp.3d 778, 795 (N.D. Cal. 2022). Plaintiff has alleged such simultaneous transmissions. *See* Dkt. 1 ¶¶ 65, 86.

Respectfully submitted,

/s/ Scott R. Drury
SCOTT R. DRURY (admitted *pro hac vice*)
DRURY LEGAL, LLC
6 Carriage Lane
Highwood, IL 60040
(312) 358-8225
scott@drurylegal.com

Joshua D. Arisohn
ARISOHN LLC
513 Eighth Avenue, #2
Brooklyn, NY 11215
(646) 837-7150
josh@arisohnll.com

*Counsel for Plaintiff*